UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| KENNETH CHARLES HANLEY, et al., *Plaintiffs*, v. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, *Defendant*. | Civil No.: 1:22-cv-00809-JRR |

# ORDER

Pending before the court is Defendant State Farm Mutual Automobile Insurance Company's ("State Farm") Motion for Partial Reconsideration or in the Alternative to Certify Under 28 U.S.C. § 1292(b) (ECF No. 39; the "Motion"). The court has reviewed all submissions. No hearing is necessary. Local Rule 105.6 (D. Md. 2021).

### *Summary of the Motion*

State Farm requests that the court reconsider its denial of the Motion to Dismiss at ECF No. 18 on the basis that the court committed clear error in its determinations regarding the first-filed rule and as to whether the mandatory appraisal provision is a condition precedent to Plaintiffs' action. Alternatively, State Farm requests certification of the court's order for interlocutory review.

### *Federal Rule of Civil Procedure 54(b)*

An interlocutory order "may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." FED. R. CIV. P. 54(b). *See also Fayetteville Inv'rs v. Commercial Builders, Inc.,* 936 F.2d 1462 (4th Cir. 1991) ("An

interlocutory order is subject to reconsideration at any time prior to the entry of a final judgment."); and Local Rule 105.10 (permitting a motion for reconsideration within fourteen days of the subject order). Reconsideration is appropriate "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Hutchinson v. Staton*, 994 F.2d 1076, 1083 (4th Cir. 1993).

### *28 U.S.C. § 1292*

"[Section] 1292(b) provides a mechanism by which litigants can bring an immediate appeal of a non-final order upon the consent of both the district court and the court of appeals." *In re Cement Antitrust Litig.*, 673 F.2d 1020, 1026 (9th Cir. 1982). "A defendant seeking an interlocutory appeal pursuant to section 1292(b) must 'show (1) that a controlling question of law exists (2) about which there is a substantial basis for difference of opinion and (3) that an immediate appeal from the order may materially advance the ultimate termination of the litigation.'" *Butler v. Directsat USA*, 307 F.R.D. 445, 452 (D. Md. 2015) (quoting *Riley v. Dow Corning Corp.*, 876 F. Supp. 728, 731 (M.D.N.C. 1992). "The decision to certify an interlocutory appeal is firmly in the district court's discretion." *Id.* "Unless all of the statutory criteria are satisfied, however, 'the district court may not and should not certify its order . . . for an immediate appeal under section 1292(b).'" *Id.* (quoting *Ahrenholz v. Bd. of Trs. of the Univ. of Ill.*, 219 F.3d 674, 676 (7th Cir. 2000)). The Fourth Circuit cautions that "[section] 1292(b) should be used sparingly and . . . that its requirements must be strictly construed." *Myles v. Laffitte*, 881 F.2d 125, 127 (4th Cir. 1989).

### *Analysis and Conclusion*

The court has reviewed once more the Motion to Dismiss at ECF No. 18, including all submissions related thereto, as well as the transcript of its oral ruling of December 22, 2022, on

2

State Farm's Motion to Dismiss (ECF No. 18).  The court is not persuaded to revise its ruling on the Motion to Dismiss on the bases presented in the Motion; nor is the court persuaded that the questions at issue in the Motion (and presented in the Motion to Dismiss) merit certification for interlocutory appeal.

      Therefore, the Motion is **DENIED**.


February 14, 2023

                                                    /S/

_____
Julie R. Rubin
United States District Judge