

Eric L. Robertson
303.244.1800
robertson@wtotrial.com

January 23, 2024

**VIA ECF**

The Honorable Julie R. Rubin
United States District Judge
101 West Lombard Street
Baltimore, MD  20770

   Re: ***Hanley v. State Farm Mut. Auto. Ins. Co.***
     **Case No. 1:22-cv-00809-JRR (D. Md.)**

Dear Judge Rubin:

   I am writing on behalf of Defendant State Farm Mutual Automobile Insurance Company ("State Farm"), and in accordance with this Court's February 16, 2023 Letter Order Regarding the Filing of Motions, ECF No. 46, to respectfully request a telephone conference regarding a motion to stay the upcoming class certification and summary judgment briefing deadlines. *See* ECF No. 132. Alternatively, State Farm seeks permission to file a motion to stay those deadlines. I conferred with Plaintiff's counsel on January 22, 2024, regarding the relief requested, and Plaintiff opposes this relief.

* * *

   To help explain why a temporary stay of the upcoming briefing deadlines is justified, I begin with a brief recitation of the pertinent procedural history.

   Mr. Hanley alleges State Farm breached the insurance policy by paying him less than "actual cash value" for his totaled vehicle because State Farm based its actual cash value estimate on an Autosource report from third-party Audatex, which included an adjustment for "typical negotiation" to account for the haggling that routinely occurs in used car transactions.

   Mr. Hanley's claim, however, accrued on March 19, 2019—more than three years before he filed suit on April 4, 2022—when Mr. Hanley accepted State Farm's estimate of actual cash value and State Farm paid his claim. It is undisputed that State Farm fully explained the actual cash value estimate to Mr. Hanley before he accepted that value, including by offering to send him a detailed written explanation of its value estimate— that is, the Autosource report—all in accordance with Maryland's insurance regulations requiring such disclosures.

# Wheeler Trigg O'Donnell LLP

Hon. Julie R. Rubin
January 23, 2024
Page 2

In light of these undisputed facts, State Farm moved for summary judgment on May 25, 2023, raising two grounds for case-dispositive relief: (1) Mr. Hanley's claims are time-barred because he filed them more than three years after the March 19, 2019 accrual date, and (2) Mr. Hanley's failure to comply with the insurance policy's appraisal provision, which requires disagreements as to "actual cash value" be resolved by appraisal upon written demand, required dismissal. ECF Nos. 69, 69-1. The parties finished briefing State Farm's motion summary judgment on July 6, 2023. ECF No. 91.

Then, five months after State Farm moved for summary judgment as to Mr. Hanley, Plaintiff moved to amend a second time[1] to add a new named plaintiff, Zenia Joyner. ECF No. 105. State Farm opposed amendment on futility and prejudice grounds, ECF No. 109, and the Court held oral argument on November 20, 2023, ECF No. 124. At oral argument, Plaintiff's counsel assured the Court they had been diligent in seeking to amend, downplayed any prejudice to State Farm, and represented that amendment was necessary because it was important for them to have a named plaintiff with "an indisputably timely claim." **Ex. 1**, Hr'g Tr., Nov. 20, 2023, at 19:21-20:3; *see also id.* at 25:17-25 (saying "the statute of limitations … caused us to intensify our efforts to find a plaintiff"). The Court granted leave to amend. ECF No. 126.

The Court also entered a revised case schedule to accommodate Ms. Joyner's participation, under which State Farm would answer, serve written discovery, supplement its disclosures, produce additional documents relevant to Ms. Joyner's total loss, and then take Ms. Joyner's deposition on January 16, 2024. ECF No. 132. But on January 12, 2024, well after State Farm satisfied all its obligations under the revised case schedule, Plaintiff's counsel told State Farm that Ms. Joyner would no longer participate as a named plaintiff, and counsel unilaterally canceled the deposition. **Ex. 2**.

In light of these developments, State Farm's already-pending motion for summary judgment as to Mr. Hanley again has the potential to fully and finally end this case, prompting State Farm's letter request for a telephonic hearing and temporary stay.

A district court has the power to stay proceedings as part of its inherent power to "control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). In determining whether to issue a stay, courts balance three factors: "(1) the interests of judicial economy; (2) hardship and equity to the moving party if the action is not stayed;

---

[1] Plaintiff had previously moved to amend his complaint to add allegations regarding State Farm's current vehicle valuation vendor, CCC, which the Court granted. ECF No. 65. But after conducting additional discovery related to CCC, Mr. Hanley has seemingly abandoned those allegations, having disclosed no expert evidence relating to CCC.

# WheelerTriggO'Donnell LLP

Hon. Julie R. Rubin
January 23, 2024
Page 3

and (3) potential prejudice to the non-moving party." *Davis v. Biomet Orthopedics, LLC*, No. JKB–12–3738, 2013 WL 682906, at *1 (D. Md. Feb. 22, 2013). All three factors support State Farm's request for a temporary stay.

First, State Farm's motion for summary judgment has the potential to end the case without the parties having to spend significant time and money briefing class certification. If Mr. Hanley's claims are time-barred, the suit will end. And if the Court decides Mr. Hanley's claims cannot proceed absent an appraisal, then briefing class certification at this time is similarly unnecessary. Judicial economy thus favors a temporary stay.

Second, a temporary stay is appropriate to avoid further hardship and inequity to State Farm. Plaintiff was granted leave to amend twice, and in both instances State Farm's discovery burden increased significantly—first to supplement written discovery and documents and produce witnesses related to Plaintiff's now-abandoned CCC allegations, and second to brief and argue a second motion to amend and supplement written discovery and documents related to Ms. Joyner's now-dismissed claims. Both detours wasted significant party and Court resources but ultimately accomplished nothing. A temporary stay of class certification briefing will avoid further hardship.

Third, Plaintiff will suffer no prejudice. Discovery related to class certification is complete. All that is left to do is brief class certification—a task that may be unnecessary if the Court grants State Farm's pending motion for summary judgment. And a slight delay in briefing class certification—if necessary—is not prejudicial.

Accordingly, State Farm respectfully requests a telephone conference to address temporarily staying the upcoming class certification and summary judgment briefing deadlines. *See* ECF No. 132. Alternatively, State Farm seeks permission to file a motion to stay those deadlines.

Respectfully submitted,

Eric L. Robertson

cc:   Counsel of record