IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **KENNETH CHARLES HANLEY,** on behalf of himself and others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>**STATE FARM MUTUAL AUTOMOBILE, INSURANCE COMPANY,**<br><br>*Defendant*. | Civil No.: 1:22-cv-00809-JRR |

## MEMORANDUM OPINION AND ORDER

This matter comes before the court on Plaintiff's Motion to Alter or Amend the Judgment or, in the Alternative, to Certify the Question to the Supreme Court of Maryland. (ECF No. 153; the "Motion.") The court has reviewed all papers; no hearing is necessary. Local Rule 105.6 (D. Md. 2023). This court previously granted Defendant State Farm Mutual Automobile Insurance Company's ("State Farm") motion for summary judgment (ECF No. 141) and entered judgment for State Farm and against Plaintiff. (ECF Nos. 151, 152.) Plaintiff, through his Motion, asks the court to reconsider and to alter or amend its judgment. (ECF No. 153.)

### I. Background

For economy of space and time, the court incorporates the procedural background and undisputed material facts recited in sections II and III of its memorandum opinion at ECF No. 151.

### II. Legal Standard

The court analyzes Plaintiff's Motion pursuant to Federal Rule of Civil Procedure 59(e). "Rule 59(e) authorizes motions 'to alter or amend a judgment,' provided they are filed within 28 days of the judgment." *Daulatzai v. Maryland*, 97 F.4th 166, 177 (4th Cir. 2024). "The United States Court of Appeals for the Fourth Circuit has repeatedly recognized that a final judgment may

be amended under Rule 59(e) in only three circumstances: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Jackson v. Sprint/United Mgmt. Co.*, 633 F. Supp. 3d 741, 745 (D. Md. 2022) (citing cases). A Rule 59(e) motion "is an extraordinary remedy that should be applied sparingly." *Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc.*, 674 F.3d 369, 378 (4th Cir. 2012) (quoting *EEOC v. Lockheed Martin Corp.,* 116 F.3d 110, 112 (4th Cir. 1997)). "[T]he prior judgment cannot be 'just maybe or probably wrong; it must . . . strike the court as wrong with the force of a five-week-old, unrefrigerated dead fish.'" *Jackson v. Sprint/United Mgmt. Co.*, 633 F. Supp. 3d 741, 746 (D. Md. 2022) (quoting *Fontell v. Hassett*, 891 F. Supp. 2d 739, 741 (D. Md. 2012)). "In other words, the Court's previous judgment must be 'dead wrong.'" *Id.* (quoting *TFWS, Inc. v. Franchot*, 572 F.3d 186, 194 (4th Cir. 2009)).

"Rule 59(e) motions may not be used . . . to raise arguments which could have been raised prior to the issuance of the judgment, nor may they be used to argue a case under a novel legal theory that the party had the ability to address in the first instance." *JTH Tax, Inc.*, 984 F.3d at 290 (quoting *Pac. Ins. Co.*, 148 F.3d at 403). A motion under Rule 59(e) is similarly "not authorized to enable a party 'to complete presenting his case after the court has ruled against him.'" *Bank v. M/V "Mothership"*, 427 F. Supp. 3d 655, 659 (D. Md. 2019) (quoting *Matter of Reese*, 91 F.3d 37, 39 (7th Cir. 1996)). "[M]ere disagreement does not support a Rule 59(e) motion." *Hutchinson v. Staton*, 994 F.2d 1076, 1082 (4th Cir. 1993) (citation omitted).

**III.    Analysis**

At issue in the parties' briefings on summary judgment, and the court's subsequent memorandum opinion, is the COVID-19-era Administrative Order of the Court of Appeals of

2

Maryland (now the Supreme Court of Maryland) (the "Tolling Order"). The Tolling Order provides in relevant part:

> Deadlines related to the Initiation of Matters
>
> (a) By previous Orders and this Order, pursuant to Maryland Rule 16-1003(a)(7), **all statutory and rules deadlines related to the initiation of matters required to be filed in a Maryland state trial or appellate court, including statutes of limitations, were tolled or suspended, as applicable, effective March 16, 2020 through July 20, 2020, by the number of days that the courts were closed to the public due to the COVID-19 emergency**; and
>
> (b) Justice requires that the ordering of the suspension of such deadlines during an emergency as sweeping as a pandemic be applied consistently and equitably throughout Maryland, and no party or parties shall be compelled to prove the practical inability to comply with such a deadline if it occurred during the COVID-19 emergency to obtain the relief that this Order provides; and
>
> (c) For the purposes of tolling of statutes of limitations and other deadlines related to the initiation of matters, in this Order, "tolled or suspended by the number of days that the courts were closed" means that the days that the offices of the clerks of court were closed to the public (from March 16, 2020 through July 20, 2020) do not count against the time remaining for the initiation of that matter; and
>
> (d) For the purposes of tolling of statutes of limitations and other deadlines related to the initiation of matters, in this Order, "matters" are, *nunc pro tunc* to March 16, 2020, those matters for which the statute of limitations and other deadlines related to initiation would have expired between March 16, 2020, through the termination date of COVID-19 emergency operations in the Judiciary as determined by the Chief Judge of the Court of Appeals, that is, through April 3, 2022, but for the tolling or suspension described in this Order; and
>
> (e) With the offices of the clerks of courts having been reopened to the public on July 20, 2020, the filing deadlines to initiate matters were extended by previous Order, by an additional 15 days; and
>
> (f) Any such filings made within the period described in (c) and (d) shall relate back to the day before the deadline would have expired had it not been tolled or suspended . . .

(Tolling Order, ECF No. 81-3; bold typeface added.) This court previously concluded that (i) the Tolling Order is substantive law, which therefore must be applied in the instant diversity action, and (ii) the Tolling Order did not suspend the three-year state limitations period applicable to this action, as Plaintiff's claim was not "required to be filed in a Maryland state trial or appellate court." (ECF No. 151.)

Plaintiff asserts that the court's resultant judgment was a clear error of law and/or that it effects a manifest injustice. (ECF No. 153 at p. 3.) In support of his Motion, Plaintiff offers three arguments: (1) the court's interpretation of the Tolling Order is inconsistent with *Murphy v. Liberty Mutual Insurance Co.*, 478 Md. 333 (Md. 2022), where the Supreme Court held that then Chief Judge Barbera was within her authority to issue the Tolling Order; (2) this court's interpretation of the Tolling Order will produce absurd and illogical outcomes; and (3) alternatively, the court should certify the question to the Supreme Court of Maryland. (ECF No. 153 at p. 3–11.) The court addresses each argument in turn.

    **A.**    **The court's conclusion is inconsistent with *Murphy v. Liberty Mut. Ins. Co.***

As State Farm notes in its opposition, Plaintiff made this argument in its summary judgment briefing, and the court disagreed:

> The court is not persuaded that if the Supreme Court of Maryland had any doubt regarding the *Liberty Mutual* court's conclusion that the Tolling Order applies in diversity cases it would have said so. (ECF No. 81 at 10.) The question before the court was: "Did the Maryland Court of Appeals act within its enabling authority under, *inter alia*, the State Constitution and the State Declaration of Rights when its April 24, 2020 Administrative Order tolled Maryland's statutes of limitation in response to the COVID-19 pandemic?" No. 1:20-CV-01961-SAG, 2021 WL 2784264, *5 (D. Md. July 2, 2021), certified question answered, 478 Md. 333, 274 A.3d 412 (2022). "In responding to a certification from another court, [the Supreme Court of Maryland] resolves only issues of Maryland law, not questions of fact." *Doe v. Catholic Relief Services*, 484 Md. 640, 651 (2023)

4

> (citation omitted). Additionally, the court "may go no further than the question certified." *Id.* (citation omitted).

(ECF No. 151 at p. 11 n.9.)

Moreover, the court analyzed application of the Tolling Order consistent with the canons of statutory construction. Plaintiff identifies no intervening change in controlling law; and the court discerns no error of law on its part or resultant manifest injustcie. *See Jackson*, 633 F. Supp. 3d at 745, *supra*. While the court appreciates that Plaintiff disagrees with the court's conclusion, reasserting previously rejected argument is ineffective on a Rule 59(e) motion.[1] *See Hutchinson*, 994 F.2d at 1082, *supra*. The court therefore declines to alter or amend its judgment on this basis.

### B. The court's interpretation leads to "absurd" or "illogical" outcomes

Based on the specter of hypothetical scenarios where a plaintiff's claims might be time-barred,[2] Plaintiff argues that the court's interpretation of the Tolling Order would lead to "absurd" or "illogical" outcomes. (ECF No. 153 at p. 8–10.) As this court previously observed, courts

---

[1] In its reply, Plaintiff further contends, again, that this court's interpretation contravenes the purpose of *Erie R. Co. v. Tompkins*, 304 U.S. 64 (1938). (ECF No. 155 at p. 2–3.) Plaintiff would appear to assume that court's duty to apply state substantive law necessarily results in Plaintiff's desired outcome; but that is incorrect. As the court previously explained:

> Conclusion that the Tolling Order is state substantive law per the *Erie* doctrine does not end the court's inquiry; rather, it is just the first step. After determining that the Tolling Order is state substantive law, the next step is to determine how it bears on the action before the court.

(ECF No. 151 at p. 11.)

[2] The hypotheticals Plaintiff posits to illustrate why the court's interpretation is wrong-headed are unpersuasive. Specifically, Plaintiff describes a hypothetical Maryland citizen denied the benefit of tolling to seek redress for injury caused in Maryland by an out-of-state defendant and another scenario where the federal district court could have exercised supplemental jurisdiction over a state claim. This court, however, has already reached precisely these sorts of conclusions. *See, e.g.*, *McGill v. Koros, LLC*, No. CV JKB-20-03191, 2021 WL 4170402, at *6 (D. Md. Sept. 14, 2021) (noting that "[n]one of Plaintiffs' claims were required to be brought in a Maryland state court," specifically "Plaintiffs' federal law claims (Counts I and II) were certainly not required to be brought in Maryland state court," and "[g]iven the Court's supplemental jurisdiction over Plaintiffs' state law claims (Counts III and IV) pursuant to 28 U.S.C. § 1367(a), those claims were likewise not 'required to be filed' in a Maryland state court"); *Mattison v. Maryland Transit Admin.*, No. CV JKB-21-00168, 2021 WL 4503566, at *5 n.3 (D. Md. Oct. 1, 2021) (noting in a case consisting of federal and state law claims that "the [Tolling] Order applies only to "matters *required* to be filed in a Maryland state trial or appellate court," and that "[t]his is not such a matter").

"must always give the statute 'a reasonable interpretation, not one that is absurd, illogical, or incompatible with common sense.'" *McCloud v. Dep't of State Police*, 426 Md. 473, 480 (2012) (quoting *State v. Johnson*, 415 Md. 413, 422 (2010)). The court does not find that its interpretation of the Tolling Order would result in such outcomes. Indeed, determination that the Tolling Order applies to actions required to be filed in Maryland state court and appellate court is faithful to the plain meaning of the express language of the Tolling Order, and, therefore, fulfills the intention of the Supreme Court of Maryland in issuing it, which, in turn, sought to honor the intention of the Maryland General Assembly in enacting a three-year statute of limitations. *See Elsberry v. Stanley Martin Companies, LLC*, 482 Md. 159, 180 (2022) ("'[T]he plain language must be viewed within the context of the statutory scheme to which it belongs, considering the purpose, aim, or policy of the [General Assembly] in enacting the statute.' 'We presume that [the General Assembly] intends its enactments to operate together as a consistent and harmonious body of law, and, thus, we seek to reconcile and harmonize the parts of a statute, to the extent possible consistent with the statute's object and scope.'" (quoting *Lockshin v. Semsker*, 412 Md. 257, 275 (2010)).

There is no dispute that the Tolling Order was enacted as "an effort to respect the period of limitations set by the General Assembly by ensuring that the administrative obstacles faced by litigants and the courts during the early days of the pandemic did not effectively and retroactively shorten the period of limitations in those cases in which the period would expire" while the Maryland state courts were closed by operation of the Chief Judge's COVID-19 closure decision. *Murphy v. Liberty Mut. Ins. Co.*, 478 Md. 333, 382–441 (2022). Notwithstanding Chief Judge Barbera's decision to close the state courts, the United States District Court for the District of Maryland continued to accept civil filings during the pandemic and did not seek to effect applicable statutes of limitation. Standing Order 2020-05, Misc. No. 00-308 (D. Md. Mar. 20, 2020) ("[T]his

6

Order does not toll any applicable statute of limitations. Electronic filing through CM/ECF will remain available, and self-represented litigants may deposit and date-stamp papers in drop boxes at each courthouse between 9:00 a.m. and 4:00 p.m., Monday through Friday."); *see Parker v. Loyola Univ. Maryland*, No. 21-CV-03105-LKG, 2022 WL 16553227, at *4 (D. Md. Oct. 31, 2022) (same).

In sum, the court is not persuaded that its interpretation invites absurd or illogical results. Further, as this court previously explained:

> By operation of the ordinary, dictionary meaning of the words employed by the rule-making drafters, the Tolling Order suspended limitations only for cases required to be filed in state court; the Tolling Order did not suspend limitations for cases not required to be filed in a state court, *e.g.*, where a claimant is not limited to seeking relief through state courts. To construe the Tolling Order to operate to suspend limitations for the "initiation of all matters" gives no meaning to the words "required to be filed in Maryland state trial or appellate courts" – thus rendering the phrase superfluous and ignoring the plain, dictionary meaning of the word "require." Such an outcome flies in the face of the most basic of construction building blocks.

(ECF No. 151 at p. 14.) The court discerns no legal error on its part, observes no manifest injustice caused by its ruling, and, therefore, declines to alter or amend its judgment on this basis.

**C.     The court should certify the question to the Supreme Court of Maryland**

Plaintiff argues alternatively that, should the court decline to alter or amend its judgment, the court should "at a minimum" certify to the Supreme Court of Maryland the question of application of the Tolling Order to diversity cases "out of deference to Maryland's highest court." (ECF No. 153 at pp. 10-11.) Requesting certification for the first time on a Rule 59(e) motion is disfavored; and Plaintiff fails to address the "presumption against certifying a question to a state

7

supreme court after the federal district court has issued a decision."[3] *Hall v. Greystar Mgmt. Servs., L.P.*, 637 F. App'x 93, 100–01 (4th Cir. 2016) (quoting *Thompson v. Paul,* 547 F.3d 1055, 1065 (9th Cir. 2008) (citing *Lehman Bros. v. Schein,* 416 U.S. 386, 391 (1974); *Enfield v. A.B. Chance Co.,* 228 F.3d 1245, 1255 (10th Cir. 2000); *Perkins v. Clark Equip. Co., Melrose Div.,* 823 F.2d 207, 209–10 (8th Cir. 1987); *see also JTH Tax, Inc.*, 984 F.3d at 290, *and Hutchinson*, 994 F.2d at 1082, *supra*.

Substantively, certification is not warranted here. Pursuant to the Maryland Uniform Certification of Questions of Law Act, "[t]he Supreme Court of Maryland of this State may answer a question of law certified to it by a court of the United States . . . if the answer may be determinative of an issue in pending litigation in the certifying court and there is no controlling appellate decision, constitutional provision, or statute of this State." MD. CODE ANN., CTS. & JUD. PROC. § 12-603; *see Murphy v. Liberty Mut. Ins. Co.*, 478 Md. 333, 366–432 (2022) (same). This court has previously explained:

> When deciding whether certification of a question of law is appropriate, a federal court must undertake a two-part inquiry. First, the court must consider whether the answer "'may be determinative of an issue in pending litigation.'" *Antonio v. SSA Sec., Inc.*, 749 F.3d 227, 234 (4th Cir. 2014) (quoting C.J. § 12-603)). Second, it must "evaluate whether [the question may be answered] based on a

---

[3] In his response to Defendant's Rule 56 motion, Plaintiff contended:

> In upholding the Tolling Orders, both facially and as applied to the "complaint assert[ing] a breach of contract claim" filed in this federal Court, see *id.* at 364, 274 A.3d at 430, the Maryland Supreme Court also agreed with Judge Gallagher that the Tolling Orders apply to causes of action under Maryland law whether filed in state court or federal court. After all, there would have been no need for the Supreme Court in Murphy to reach the question of the Tolling Orders' validity in a breach-of-contract case pending in federal court if the Tolling Orders did not apply to that breach-of-contract case, which was pending in federal court. There can be no serious question that if the Maryland Supreme Court had had any doubt about Judge Gallagher's conclusion that the Tolling Orders apply in diversity cases, it would have said so.

(ECF No. 81 at p. 10.)

> 'controlling appellate decision, constitutional provision, or statute of [Maryland].' " *Antonio*, 749 F.3d at 234 (second alteration in original) (quoting C.J. § 12-603).

*Bethany Boardwalk Grp. LLC v. Everest Sec. Ins. Co.*, 611 F. Supp. 3d 41, 55 n.6 (D. Md. 2020).

In view of the court's ruling on summary judgment, the first prong of the inquiry is met. The second, however, is not. As set forth in detail in the court's memorandum opinion and above, the Tolling Order itself answers the question Plaintiff asks the court to certify.

### IV. Conclusion

For the foregoing reasons, it is this 31st day of October 2024:

**ORDERED** that Plaintiff's Motion to Alter or Amend the Judgment or, in the Alternative, to Certify the Question to the Supreme Court of Maryland at ECF No. 153 shall be, and is hereby, **DENIED.**

/S/
_____
Julie R. Rubin
United States District Judge